# IN THE COURT OF APPEALS OF IOWA

No. 15-0260
Filed January 27, 2016

**JANIS VORHES, ADMINISTRATOR of
the ESTATE OF DANIEL BEENER,**
       Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
       Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Janis Vorhes, administrator of the Estate of Daniel Beener, appeals the district court's ruling granting the State's motion to dismiss. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, and John B. McCormally, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Janis Vorhes, as administrator of the Estate of Daniel Beener, appeals the district court's ruling granting the State's motion to dismiss. Vorhes claims the district court erred in finding her tort claims were barred by the statute of limitations pursuant to Iowa Code section 669.13 (2013)

Daniel Beener died on August 11, 2011, while being held in the Cherokee County Jail. On February 11, 2013, Vorhes submitted a wrongful death tort claim to the State Appeal Board. The tort claim alleged Beener's death was "caused by wrongful act(s) or omission(s) of the employees of the State of Iowa." The claim was denied on April 1, 2013, pursuant to the Iowa Tort Claim Act (ITCA), Iowa Code chapter 669. On August 7, 2013, Vorhes initiated suit pursuant to 42 U.S.C. section 1983 in the United States District Court for the Northern District of Iowa. The suit made similar allegations to those contained in the claim submitted to the State Appeal Board. On December 2, 2013, the federal district court dismissed the claims against the State of Iowa for lack of federal jurisdiction.

Vorhes filed the petition in the present case on May 30, 2014. The State filed a motion to dismiss on July 18, claiming Vorhes's petition was barred by the applicable statute of limitations in Iowa Code section 669.13. The district court granted the State's motion on October 20, 2014. Vorhes then filed a motion to enlarge, which the court denied on January 17, 2015. Vorhes now appeals.

Vorhes claims the district court erred as the filing of the federal case allowed the savings clause of Iowa Code section 669.13 to toll the statute of limitations. The district court reasoned:

Defendant argues that section 614.10 is inapplicable here because section 669.13 contains its own "savings" clause. Iowa Code section 669.13(3) provides that "[t]his section is the only statute of limitations applicable to claims as defined in this chapter." Section 669.13(2) lays out a six-month tolling provision if a state court or agency determines that the ITCA "provides the exclusive remedy for [a] claim" not originally brought under the ITCA:

> If a claim is made or filed under any other law of this state and a determination is made by a state agency or court that this chapter provides the exclusive remedy for the claim, the two-year period authorized in subsection I to make a claim and to begin a suit under this chapter shall be extended for a period of six months from the date of the court order making such determination or the date of mailing of notice to the claimant of such determination by a state agency, if the time to make the claim and to begin the suit under this chapter would otherwise expire before the end of the two-year period. The time to begin a suit under this chapter may be further extended as provided in subsection 1.

As defendant points out, however, a plaintiff may only take advantage of the tolling provision in subsection two where her claim was not originally brought under the ITCA and where it was later determined by a state court or agency that the ITCA provided the sole remedy for the claim. In *Rivera v. Woodward Resource Center*, the Iowa Supreme Court identified the three requirements that must be met before section 669.13's savings clause will extend the statute of limitations: "(I) a timely 'claim' must be made or filed, (2) the claim must be made under a law of this state other than under chapter 669, and (3) an agency or court must make a determination that chapter 669 is the exclusive remedy for the claim." [830 N.W.2d 724, 729 (Iowa 2013).]

Plaintiff has failed to persuade the court that the savings clause of 614.10 applies to actions under chapter 669 despite section 669.13(3)'s express statement to the contrary. Aside from insisting that section 614.10 applies here, plaintiff cites no law in support of her position. Therefore, the court finds that the only "savings" clause available to plaintiff is that under section 669.13. However, plaintiff fails to meet the requirements set forth in *Rivera*: plaintiff has not demonstrated that this claim was originally brought under any chapter other than chapter 669, nor that in that case, a court or agency determined that the exclusive remedy for the claim rests in chapter 669.

We find the reasoning and ruling of the district court to be a correct interpretation of Iowa law and affirm its ruling without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**